UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1176-JST (MGLx)            Date: August 10, 2011
Title: Noemi Baeza v. Bank of America, N.A., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                           Not Present

**PROCEEDINGS:**   **(IN CHAMBERS) ORDER (1) GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER, AND (2) ISSUING ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION.**

      On August 8, 2011, Plaintiff Noemi Baeza filed an Ex Parte Application for Temporary Restraining Order ("TRO") to enjoin the foreclosure sale of her home located at 612 Ebb Tide Place, Seal Beach, CA 90740, APN: 199-184-18 (the "Property"). (Pl.'s Mem. of P.&A. at 1 n.1, ECF No. 4.) Defendants received notice of Plaintiff's ex parte filing on August 8, 2011, at 2 p.m. (Nelson Decl. ¶ 3-6, ECF No. 4-2), and did not file an opposition with the Court. For the reasons stated below, the Court (1) GRANTS Plaintiff's Ex Parte Application for a Temporary Restraining Order, and (2) ORDERS Defendants to show cause why this Court should not issue a preliminary injunction.

     **I.**     **TEMPORARY RESTRAINING ORDER**

         A.  Background

      On or around February 22, 2007, Plaintiff entered into loan agreements with Countrywide Bank, N.A. ("Countrywide"), including an Adjustable Rate Mortgage Loan, which were secured by a Deed of Trust on the Property (the "Countrywide Loans"). (Pl.'s Mem. of P.&A.at 2, ECF No. 4.) Mortgage Electronic Registration Systems, Inc. ("MERS") is named as a beneficiary and servicer under the Deed of Trust, and ReconTrust Company, N.A. ("ReconTrust") is named as trustee. (*Id*.) Plaintiff claims that several documents related to the loans and certain material disclosures—including a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 11-1176-JST (MGLx) | Date: August 10, 2011 |
| Title: Noemi Baeza v. Bank of America, N.A., et al. | |

Truth in Lending Disclosure Statement with effective Rescission Notice—were withheld from her in violation of the law. (*Id*. at 3-4.)

After receiving the Countrywide Loans, Plaintiff experienced financial difficulties and was unable to make all of her required monthly mortgage payments. (*Id*. at 4.) As a result, ReconTrust recorded a Notice of Default and Election to Sell under Deed of Trust on the Property (the "Notice of Default"). (*Id*. at 4.) Plaintiff contends that Defendants did not provide her with proper notice before recording the Notice of Default. (*Id*. at 5.)

On or around October 15, 2008, Plaintiff filed for Chapter 11 Bankruptcy. (*Id*. at 5.) Plaintiff contacted Countrywide and requested a loan modification with regard to the Countrywide Loans. (*Id*.) Subsequently, BAC Home Loans Servicing LP ("BAC"), which Plaintiff believes purchased Countrywide in 2008, offered Plaintiff a modification agreement for the Countrywide Loans (the Modification Agreement"), which Plaintiff accepted based on BAC's representation that: (i) she would receive a modification; (ii) the foreclosure process initiated by ReconTrust would be cancelled; and (iii) BAC would file a Notice of Rescission setting aside the Notice of Default. (*Id*. at 6, 11.) After executing the Modification Agreement, representatives from BAC and ReconTrust informed her that the modification was accepted and BAC would record a Notice of Rescission of the Notice of Default. (*Id*. at 7.)

Plaintiff contends, however, that BAC violated the terms of the Modification Agreement. While the Modification Agreement was intended to reduce her monthly mortgage payments and avoid foreclosure of the Property, it actually increased her monthly payments. (*Id.* at 6-7.) Moreover, BAC never rescinded the Notice of Default or otherwise cancelled the foreclosure proceedings pertaining to the Property. (*Id*. at 7, 11.)

Nevertheless, Plaintiff alleges that between August 31, 2009 and March 28, 2010, she made payments to BAC under the Modification Agreement. (*Id*. at 7.) However, she again experienced financial difficulties and failed to make all required monthly mortgage payments. (*Id*.) On March 1, 2011, ReconTrust recorded a Notice of Trustee's Sale on the Property setting a sale date of March 23, 2011. (*Id*. at 8.) ReconTrust posted unsigned Notices of Trustee Sale, which varied from the recorded Notice of Trustee Sale,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 11-1176-JST (MGLx) | Date:  August 10, 2011 |
| Title:  Noemi Baeza v. Bank of America, N.A., et al. | |

on the Property on March 1, 2011 and April 6, 2011.  (*Id*.)  The Property is currently scheduled to be auctioned at a Trustee Sale on August 11, 2010.  (Pl.'s Ex Parte Appl. at 2; ECF No. 4.)

Plaintiff contends that she is currently willing and able to pay the amounts due under the loan and Deed of Trust.  (Pl.'s Mem. of P.&A. at 9; ECF No. 4.)

### B.  Legal Standard

To justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. . . . [and] it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  *Mission Power Eng'g. Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

The analysis for a TRO is "substantially identical" to the analysis applied to a preliminary injunction.  *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  To succeed on an application for a TRO, a plaintiff must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008)).  A plaintiff is required "to make a showing on all four prongs."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  The Ninth Circuit employs the "serious questions" version of the "sliding scale" approach when applying the four-element *Winter* test.  *Id.* at 1134.  "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Id.* at 1135.

### C.  Discussion

Here, Plaintiff alleges the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed upon Sale are void, and, as a result, Defendants are not entitled to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 11-1176-JST (MGLx) | Date: August 10, 2011 |
| Title: Noemi Baeza v. Bank of America, N.A., et al. | |

foreclose on the Property. (Pl.'s Mem. of P.&A. at 9; ECF No. 4.) Plaintiff also contends that Defendants failed to abide by the terms of the Modification Agreement, and have breached their contractual obligations under the Deed of Trust by setting the August 11, 2011 Trustee's Sale without proper notice. (*Id.* at 10.) Moreover, she contends that she is entitled to have the Countrywide Loans extinguished because Defendants did not provide accurate material disclosures. (*Id.* at 17.) Although Plaintiff's showing does not, at this point in the proceedings, establish a likelihood of success on the merits, it certainly raises serious questions going to the merits of Plaintiff's claims.

Furthermore, the balance of hardships clearly tips in favor of Plaintiff, as she has shown a likelihood of irreparable injury by the potential loss of her home through a foreclosure sale. In contrast, the only injury Defendants face from a TRO is a delay in collecting on their investment, which does not constitute an irreparable injury. *Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("Purely monetary injuries are not normally considered irreparable."). Finally, the Court concludes that an injunction would be in the public interest because it protects against potentially unlawful foreclosures.

Because (1) Plaintiff raised serious questions going to the merits of her claims against Defendants, (2) the balance of hardship "tips sharply" in favor of Plaintiff, and (3) issuing a TRO in this instance benefits the public interest, the Court GRANTS a TRO enjoining the foreclosure sale of the Property.

## II. ORDER TO SHOW CAUSE

Plaintiff also seeks a preliminary injunction preventing foreclosure on her home. It is ORDERED that Defendants appear before this Court on **September 12, 2011, at 10:00 a.m.**, to show cause as to why they and all persons participating with them, should not be enjoined by preliminary injunction from directly or indirectly committing acts in furtherance of foreclosure proceedings against Plaintiff. Defendants shall file any written response to the order to show cause no later than **August 22, 2011**. Plaintiff shall file any reply by no later than **August 29, 2011**. Pending the hearing and determination of the order to show cause, Defendants and all persons participating with them are restrained from going forward with foreclosure proceedings against Plaintiff's property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 11-1176-JST (MGLx)                      Date:  August 10, 2011
Title:  Noemi Baeza v. Bank of America, N.A., et al.

### III. Conclusion

For the foregoing reasons, the Court:

(1) GRANTS Plaintiff's Ex Parte Application for TRO.

(2) ORDERS the parties to show cause as set forth in Section II above.

Initials of Preparer:  enm